ISABELO CARRASQUILLO y MIGUEL SANTIAGO, peticionarios y apelados, *v.* FEDERICO SCHRODER, Juez en Comisión de la Corte Municipal de Río Grande, P. R., demandado y apelante.

No. 3739.—*Visto:* Diciembre 22, 1925. *Resuelto:* Julio 13, 1926.

CERTIORARI—NATURALEZA Y FUNDAMENTOS—PROCEDIMIENTOS DE TRIBUNALES INFERIORES—SU ANULACIÓN POR CERTIORARI—EN GENERAL.—No puede anularse, mediante *certiorari*, la sentencia y procedimientos de una corte inferior después de transcurrido el término para apelar, a instancia de personas extrañas a dicho procedimiento, sin oir las partes en el mismo y a virtud de prueba *aliunde* aducida en ausencia de dichas partes.

RESOLUCIÓN de *M. Rodríguez Serra,* J. (San Juan, Segundo Distrito), declarando nulos y sin valor legal alguno actos realizados por el Márshal de la Corte Municipal de Río Grande, o por la corte misma. *Revocada.*

*R. García Mujica* y *E. H. F. Dottin,* abogados del apelante; *M. Benítez Flores,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

María Matos instituyó un procedimiento de desahucio contra Antonio Ciuró alegando la falta de pago de cánones bajo un supuesto contrato verbal de arrendamiento.

El demandado, al ser notificado, presentó una moción pidiendo se le prorrogase el tiempo para preparar su defensa. Esta moción fué declarada con lugar y la audiencia preliminar fué señalada de nuevo para el 16 de enero de 1925.

En dicha fecha, no habiendo comparecido el abogado del demandado, fué notificado que la audiencia preliminar se había señalado de nuevo para el 21 de enero de 1925, junto con una moción radicada por la demandante protestando contra la acción de la corte al conceder la moción de suspensión del demandado.

Una sentencia dictada en enero 22 expresa la omisión del demandado de comparecer a la audiencia el día anterior.

En un escrito radicado en enero 22 y titulado "Comparecencia del Demandado" se solicitó permiso para presentar en la segunda comparecencia prueba testifical y documental, y la única referencia que a ella se hizo para identificarla fué que se ofrecía en anticipación a dicha segunda comparecencia.

La contestación consiste de una negación general y de una sugestión de que los hechos alegados en la demanda no constituyen una causa de acción. Esta parece haber sido radicada en 22 de enero de 1925, habiendo sido depositada en el correo de San Juan el día 20 del citado mes.

El 9 de febrero el demandado presentó una moción solicitando se anulara la sentencia dictada en enero 21, basándose en el hecho de que además de los pasos ya mencionados dados por el abogado del demandado y a pesar de la diligencia y actividad del demandado, su abogado había recibido un telegrama del secretario de la corte municipal dos días después de la vista notificando al demandado que su contestación se había recibido después de haberse resuelto el caso; que este telegrama fué una verdadera sorpresa para su abogado; que el demandado tenía una justa y buena causa de defensa en sus méritos, "lo que le constaba no solamente al demandado, quien había explicado su caso a su abogado y éste le había informado en tal sentido, sino que asimismo le constaba a la demandante, por cuanto ella sabía que no tenía derecho a establecer esta acción, porque la finca objeto de la demanda no era de su propiedad ni la poseía desde agosto de 1924 en que fué vendida en pública subasta por el márshal de aquella misma corte municipal como consecuencia de un pleito establecido contra la referida María Matos, sobre cobro de dinero, que ésta perdió; que estos hechos eran de conocimiento de la demandante y de su abogado, y que la acción de desahucio se había ejercido maliciosamente y a sabiendas de que ella no era dueña ni

poseedora de la finca en cuestión; que una sentencia como la que se dictó en ausencia del demandado a pesar de éste haber comparecido remitiendo su contestación, lesionaba hondamente los intereses del demandado y era contraria a los fines de la justicia."

En marzo 13 el abogado del demandado fué notificado de una orden dictada el 11 del mismo mes, la que dice que la vista de la moción del demandado solicitando se anulara la sentencia había sido señalada para el 2 de marzo; que el abogado del demandado no había comparecido y que el abogado de la demandante se había opuesto a tal moción y por consiguiente se procedió a declarar la misma sin lugar.

En marzo 18 la demandante solicitó una orden de lanzamiento que fué expedida al día siguiente.

El diligenciamiento del márshal y el informe de los tasadores al dorso de dicho auto indican que el 20 de marzo el márshal desahució al demandado y a todas aquellas personas que se hallaban en la finca por orden de éste, poniendo al demandante en posesión de la misma, excepto de la casa ocupada por el demandado, quien tenía dos niños enfermos y por consiguiente se le permitió permanecer en la finca hasta el 24 de marzo, fecha en la cual se le lanzó de la finca; que no habiendo los tasadores llegado a un entendido, el demandante nombró a José P. Nazario (el márshal había nombrado a Pedro Concepción), y que el demandado rehusó nombrar un tasador, manifestando que él allí no tenía nada y no deseaba que ningún tasador le representara; y que los tasadores nombrados por la demandante y por el márshal llegaron a un acuerdo respecto a la tasación de la finca, dándose el resultado de esta tasación en forma de una relación detallada.

Un mes más tarde Isabelo Carrasquillo y Miguel Santiago solicitaron un auto de certiorari de la Corte de Distrito. La petición contenía las siguientes alegaciones y súplica:

"2.—Que allá por el mes de agosto de 1924, el peticionario Isabelo

Carrasquillo, arrendó a Genaro Betancourt Mujica, por el término de dos años, y al canon de $50.00 anuales, pagaderos por anualidades vencidas, la siguiente finca:

"RÚSTICA:—Situada en el barrio de Hato-Puerco de Loíza, Puerto Rico, compuesta de nueve cuerdas y varas, colindando por el Norte, con don Juan López de Victoria; por el Sur con la Sucesión Betancourt; por el Este con el río Canóvanas, y por el Oeste, con la misma Sucesión Betancourt.

"3.—Que posteriormente y el 22 de septiembre de 1924 el otro peticionario Miguel Santiago adquirió la finca antes descrita por título de compraventa, de Genaro Betancourt Mujica, concertándose entonces otro arrendamiento por el término de dos años, sujeto a prórroga de un año más entre el señor Santiago e Isabelo Carrasquillo.

"4.—En estas condiciones, el arrendatario y ahora peticionario Isabelo Carrasquillo tomó posesión de la finca objeto de este arrendamiento desde su primer contrato con el señor Betancourt, siguiendo en ella una vez ratificado el mismo por el segundo dueño Sr. Miguel Santiago, dedicándose a cultivar la misma, preparando los terrenos, cercando dicha finca, adquiriendo semillas para la siembra y sembrándola de caña y frutos menores, cuya finca vino poseyendo hasta el día 20 de marzo último, en cuya fecha el·Márshal de la Corte Municipal de Río Grande, Luis García Piñero, en cumplimiento de una orden de ejecución de una sentencia de desahucio dictada por el Hon. Schroder, Juez en comisión de la referida Corte Municipal del Distrito Judicial Municipal de Río Grande, en el caso civil No. 734 seguido por María Matos v. Antonio Ciuró, sobre desahucio se presentó dicho márshal en la finca antes descrita como entre 2 y 3 p. m. del referido día 20 de marzo último y lanzó de allí a Isabelo Carrasquillo uno de los peticionarios, y el arrendatario de la finca antes descrita, juntamente con el encargado que en la misma había puesto el referido peticionario, o sea Antonio Ciuró, lanzando de la finca, además, el ganado que en la misma tenía el peticionario y los peones que en ella trabajaban, poniendo en posesión de la·misma, entonces y allí, a José R. Nazario, que no fué el demandante en el pleito de desahucio, bajo el supuesto de que dicho José R. Nazario, era el dueño de dicha finca, y a pesar de las protestas del peticionario Isabelo Carrasquillo, quien alegó al Márshal que él era el arrendatario de aquella finca que él había arrendado a sus dueños, primeramente Genaro Betancourt, y últimamente Miguel Santiago y que Antonio Ciuró era un peón y encargado que él tenía allí.

"5.—Que la sentencia cuya ejecución realizó' el Márshal antes re-

ferido, se dictó por la Hon. Corte Municipal de Río Grande, el día 21 de enero de 1925, en un pleito en que no fueron partes demandadas ni el peticionario Carrasquillo, arrendatario de la finca, ni el anterior Genaro Betancourt ni el actual Miguel Santiago, ahora peticionario.

"6.—Que este pleito de desahucio lo estableció María Matos, maliciosamente y a sabiendas de que esa finca no era suya, puesto que había sido embargada en cumplimiento de una sentencia recaída en esta misma corte de distrito en un pleito seguido por Genaro Betancourt Mujica vs. María Matos, civil No. 2850 de esta Corte de Distrito, habiendo recaído sentencia a favor del demandante Genaro Betancourt Mujica, en contra de la demandada María Matos. Y que como consecuencia de la sentencia de esta Hon. Corte, y no habiendo satisfecho la demandada María Matos el importe de la misma, se embargó y remató en subasta pública la finca antes descrita, que era de la propiedad de María Matos, habiéndosele adjudicado en pago de la deuda y en cumplimiento de la ameritada sentencia dictada a favor del entonces demandante Genaro Betancourt Mujica, por escritura de venta judicial, pasada por el mismo Márshal de la Corte Municipal de Río Grande, Luis García Piñero, a favor de Genaro Betancourt Mujica, a 13 de agosto de 1924, y ante el Notario don Luis Sánchez Vahamonde.

"7.—Que estos hechos eran del conocimiento de María Matos la demandante en el pleito de desahucio y de su abogado R. García Mujica que es el mismo que actuó en el pleito anterior, sobre cobro de dinero antes referido, y eran además del conocimiento del Márshal de la Corte Municipal de Río Grande el repetido Luis García Piñero y del propio Juez Sr. Schroder, que fué quien intervino como tal en ambos casos.

"8.—Que este procedimiento particularísimo y a todas luces extraño de desahucio, se llevó a efecto por la repetida María Matos a pesar de que ésta sabía y le constaba como también lo sabía y le constaba a su abogado, que tal finca a la fecha en que se radicó la demanda de desahucio, no era de la propiedad ni estaba en posesión de ella en ningún concepto, y al que hicieron concurrir como demandado, a Antonio Ciuró, con el propósito de obligar por medio de un procedimiento anormal a que se ventilara nuevamente la cuestión que había sido objeto de la sentencia de esta Corte burlándose así de ella y trayendo un estado de cosas verdaderamente anormal, ilegal y perturbador, acarreándole trastornos y perjuicios incontables, a los peticionarios.

"9.—Que en vista de lo anormal de este procedimiento, el abo-

gado que suscribe acompañado de los peticionarios, se personó en Loíza en la residencia del Márshal de la Corte Municipal de Río Grande antes mencionado, a quien impuso de todos estos hechos, que eran conocidos de él, requiriéndole para que dejara a los peticionarios en el libre goce y disfrute de la posesión de la finca objeto de este recurso de desahucio y para que se abstuviera de proceder contra ellos lanzándolos de dicha finca por no ser partes en el procedimiento ni figurar como demandados en el juicio de desahucio, a lo que el expresado márshal contestó negativamente, alegando que él tenía que cumplir con la orden que le habían dado.

"10.—Los peticionarios alegan además que han hecho toda clase de gestiones para conseguir que no se perpetúe un estado de cosas como éste que constituye un verdadero atropello, realizado sin un debido proceso de ley, habiéndose cometido errores graves y fundamentales en el procedimiento.

"11.—Los peticionarios no tienen en el curso ordinario de ley otro recurso adecuado y eficaz para defender sus derechos que el extraordinario de certiorari y creen que por tratarse de un caso tan extraordinario como el presente, deben acogerse a este recurso y la Corte dictar el auto correspondiente.

"Por las razones expuestas, los peticionarios a la Hon. Corte suplican se sirva expedir un auto de certiorari por el que se ordene al Juez de la Corte Municipal de Río Grande, el referido Federico Schroder, que lo es en comisión de dicha Corte, para que remita las diligencias o autos del pleito antes referido, civil No. 734, de María Matos v. Antonio Ciuró sobre desahucio, determinando los procedimientos correspondientes y ordenando en definitiva lo que fuere procedente a la justicia.

"San Juan, Puerto Rico, Abril 21 de 1925."

El juez municipal en su contestación, además de negar varios de los hechos alegados en la petición, solicitó se dejara sin efecto el auto por los siguientes fundamentos:

"1.—Que la Corte carece de jurisdicción para actuar en el presente caso por no ser partes los peticionarios en el caso que se trata de revisar, ni haberse citado debidamente para que comparezcan a oponerse las partes en el caso de desahucio No. 734 que son las únicas interesadas y las que pueden perjudicarse por una resolución o sentencia.

"2.—Que el procedimiento de certiorari no es el procedimiento adecuado.

"3.—Que un caso de desahucio sólo tiene una apelación y por

medio de este procedimiento de certiorari se trata de traer una apelación más a la que tenía derecho el demandado y la que renunció.

"4.—Un caso de certiorari es sólo para revisar los procedimientos o ley adjetiva, pero nunca para revisar cuestiones de hecho o ley sustantiva."

La parte dispositiva de la orden apelada dice como sigue:

"En su virtud por las razones expuestas, la Corte declara nulos y sin efecto legal los actos realizados por el márshal de la Corte Municipal de Río Grande, o por la Corte misma, en cuanto por ellos los peticionarios fueron desposeídos o privados de la posesión a que tenían y tienen derecho, como dueño uno y arrendatario otro, de la finca descrita. Se ordena al Juez Municipal de Río Grande y al márshal de esa Corte que procedan a reintegrar a los peticionarios en la posesión de la finca descrita.

"San Juan, P. R., a 13 de mayo de 1925."

Al juez municipal no se le pidió que certificara y él no certificó hecho alguno o procedimiento que no apareciera de la faz de los autos en la corte municipal. La orden en cuestión se basaba enteramente en prueba *aliunde* aducida por los peticionarios en la vista de la corte de distrito, incluyendo los autos del pleito anterior en dicha corte, y primordialmente, según parece, en el resultado de dicho pleito anterior.

No hubo falta de jurisdicción en la corte municipal en tanto en cuanto se refiere a las únicas partes que estaban ante la corte en el procedimiento de desahucio, y el récord de los procedimientos certificado a la corte de distrito no revela irregularidad alguna.

No sabemos de precedente o autoridad alguna para que una corte superior pueda anular mediante certiorari la sentencia y procedimientos de una corte inferior después de transcurrido el término para apelar, a instancia de personas extrañas al procedimiento que se trata de revisar, sin dar aviso u oportunidad para ser oídas a las partes en dicho procedimiento y en virtud de prueba *aliunde* aducida por los peticionarios sin la presencia de dichas partes.

*La orden apelada debe ser revocada.*